Case No.

12-8255-JMH

# WARRANT

U.S. Department of Justice
United States Parole Commission

---

To Any Federal Officer Authorized to Serve Criminal Process Within the United States:

WHEREAS, Farese, Thomas, Reg. No. 01946-004, was sentenced by the United States District Court to serve a sentence of 10 years 12 Days, 6 Years Special Parole for the crime of Conspiracy to Possess with Intent to Distribute Marijuana and was on January 9, 2000 released in accordance with Public Law 91-513 (Special Parole Term) from Coleman FCI-Low with 3027 days remaining to be served;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by the authority of Section 4213, Title 18, U.S.C., to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on June 4, 2012

U.S. Parole Commissioner



FILED by _____ D.C.

JUN 2 9 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

**RECEIVED**

JUN 1 1 2012

**S/FL - FTL**

---

Farese, Thomas
Reg. No. 01946-004

| U.S. DEPARTMENT OF JUSTICE | WARRANT APPLICATION |
|---|---|
| UNITED STATES PAROLE COMMISSION | |

Name....................................Farese, Thomas

| | |
|---|---|
| Reg. No...............................01946-004 | Date........................................June 4, 2012 |
| FBI No..................................734 055 D | Special Parole Termination Date April 23, 2014 |
| Birth Date............................July 19, 1942 | Violation Date.........................November 2011 |
| Race.......................................White | Released................................January 9, 2000 |

Sentence Length.....................10 years 12 Days, 6 Years Special Parole
Original Offense.....................Conspiracy to Possess with Intent to Distribute Marijuana

You shall, unless you have been convicted of a new offense, be given a preliminary interview by an official designated by a Parole Commissioner to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing.

At your preliminary interview and any subsequent revocation hearing you may present documentary evidence and voluntary witnesses on your behalf, and, if you deny the charge(s) against you, you may request the presence of those who have given information upon which the charges are based. Such witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or other representative of your choice, or, if you are unable to pay for counsel, an attorney will be provided by the U.S. District Court if you will fill out and promptly return a Form CJA-22 to a U.S. Probation Officer.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole or mandatory release, in which case the Commission will also decide when to consider you for further release.

If you have been convicted of a new offense (committed while on parole) which is punishable by a term of imprisonment, you will not receive sentence credit for the time you spent on parole. Exception: For cases heard in the 9th Circuit beginning on October 22, 1990, the Commission will exercise discretion, in accordance with 28 C.F.R. 2.52 (Appendix), prior to ordering the forfeiture of sentence credit for the time spent on parole.

If the Commission finds that you absconded or otherwise refused to submit to parole supervision, the Commission may order that you not receive credit toward service of your sentence for that amount of time.

In addition, if you are a special parole term violator, you will not receive credit toward service of your sentence for the time you spent on parole.

## CHARGES:

**Charge No. 1 - Law Violation. Laundering of Monetary Instruments.** Between November 2011 and January 2012 the releasee engaged in a money laundering transaction dealing with a personal check for $40,000.00 which are proceeds from a loansharking business and illegal activity. The releasee was arrested by the FBI for the above-cited offense on 1-4-12. This charge is based on the information contained in the violation report dated 1-4-12 from supervising officer Ann Roman and a police report dated 1-3-12. Status of Custody/Criminal Proceedings: Next hearing date unknown; In custody 1-4-12 until 3-20-12.
I ADMIT [ ] or DENY [ ] this charge.

| Preliminary Interview Is Required | Warrant Recommended By: |
|---|---|

Farese, Thomas
Reg. No. 01946-004

Warrant Issued.................... June 4, 2012

[signature]
Tiffany S. Smith, Case Analyst
U.S. Parole Commission

Probation Office Requesting Warrant: Southern District of Florida, Ft. Lauderdale

Memorandum 

| Subject | Date |
|---|---|
| WARRANT APPLICATION & WARRANT<br>Farese, Thomas<br>Reg. No. 01946-004 | June 4, 2012 |

| To | From |
|---|---|
| U.S. Marshal<br>Southern District of Florida<br>299 E. Broward Boulevard, Rm 312<br>Ft. Lauderdale, FL 33301 | Tiffany S. Smith<br>Case Analyst<br>U.S. Parole Commission |

Enclosed are the Warrant Application and Warrant issued by the United States Parole Commission for the above-named parolee. Please notify the Parole Commission promptly of all developments concerning the disposition of this warrant.

**Please assume custody as soon as possible or when located.**

**If the parolee is already in the custody of federal or state authorities, do not execute this warrant. Place a detainer and notify the Commission. Also, if a criminal arrest warrant has been issued for this parolee, execution of such criminal warrant shall take precedence.**

**If the prisoner is sentenced to a new Federal or State term of imprisonment, place the warrant as a detainer and indicate the institution designated for service of sentence.**

After execution of the Warrant, (1) give one copy of Warrant Application to the prisoner; (2) provide one copy of the Warrant Application to the Probation Officer as soon as practical after taking custody; and (3) advise the Parole Commission that the subject is in custody (noting the place of confinement and the date Warrant was executed).

When prisoner is returned to the designated institution, leave one Warrant and one Warrant Application with the Warden. Make your return on the other Warrant to the Parole Commission.

PROBATION OFFICER: Please keep the Commission advised of all further developments in this case. If there has been a conviction of an offense committed while under supervision for which a term of imprisonment is authorized by law (even if no term of imprisonment is imposed in this case), do not conduct a preliminary interview unless the Parole Commission specifically orders that one be conducted.

Enclosure

cc:
Southern District of Florida
101 NE 3rd Avenue, Rm. 200
Ft. Lauderdale, FL 33301

TSS

**RECEIVED**

JUN 1 1 2012

**S/FL - FTL**

Farese, Thomas
Reg. No. 01946-004